Phillip Paul Weidner
WEIDNER & ASSOCIATES, INC.
330 L Street, Suite 200
Anchorage, AK  99501
907-276-1200

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Case No. A94-0036 CR (JWS) |
| | ) | |
| v. | ) | |
| | ) | |
| GERALD FRANK PLUNK, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |
| _____ | ) | |

**MOTION TO CORRECT JUDGMENT(S)/**
**ALTERNATIVE MOTION AND NOTICE TO ASSERT AND PRESERVE ALL OF**
**PETITIONER'S HABEAS CORPUS AND 28 U.S.C. § 2255 RIGHTS AND**
**MEMORANDUM IN SUPPORT THEREOF**

COMES NOW defendant/petitioner Gerald Frank Plunk, by and through counsel, PHILLIP PAUL WEIDNER of Phillip Paul Weidner & Associates, Inc., a Professional Corporation, and hereby pursuant to Federal Rule of Civil Procedure 60(b) moves for correction of the judgment(s) in this matter: The Judgment in a Criminal Case entered on November 26, 1996, [Docket 434], and further the Judgment in a Civil Case denying Mr. Plunk's petition for relief under 28 U.S.C. § 2255 entered on May 22, 2003 [Docket No. 625].

Further, to the extent necessary (although, as further discussed herein, since the Court is empowered by the record and the constitution to grant the necessary relief as a Rule 60(b) motion, and further, should do so, the alternative(s) are most likely moot and/or unnecessary) Petitioner hereby moves and gives notice to preserve all of his rights to relief via the constitutional and common law remedy of habeas corpus and related writs, as well as his rights under 28 U.S.C. § 2255.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK  99501
(907) 276-1200  Fax (907) 278-6571

This includes preserving said rights as to the necessity of any application or notice to the Court vis-à-vis statute of limitation issues (which statute of limitations as codified are in themselves unconstitutional and to which Petitioner objects), and issues concerning retroactivity of <u>United States v. Booker</u>, 543 U.S. 220 (2005) (hereinafter "<u>Booker</u>"), or the necessity of a filing within a certain time period of <u>Booker</u> or the Ninth Circuit or Supreme Court's application of same.

In that regard, while as further discussed herein, this application should not be construed as a successive petition, and further, while the Rule 60(b) relief can and should be granted concurrently with and/or separate from any such actual habeas corpus or § 2255 relief, if in fact it is deemed necessary to seek certification or other authorization from the appellate courts to file for such alternative relief, Petitioner will do so if so directed, while preserving his application for relief under Rule 60(b) and related writs, and further, preserving his position as to any applicable statute of limitations or requirement of a petition within a certain time period has been perfected.

This motion is made on the grounds that the Court's entry of the judgment in the criminal case, and further, the entry of judgment denying Mr. Plunk's Motion to Correct and or Vacate Sentence Pursuant to 28 U.S.C. § 2255 on the grounds that the Court's sentence violated Mr. Plunk's rights to due process, counsel, notice, a Grand Jury indictment, a jury trial, and a verdict beyond a reasonable doubt under the Sixth Amendment of the United States Constitution, were in error, and must be corrected forthwith in the interests of justice, and to protect Mr. Plunk's Fifth and Sixth Amendment rights.

## I.    Introduction and Summary of Argument

From the outset Mr. Plunk's position has been consistent.   As a matter of basic constitutional law, to wit, the Fifth and Sixth Amendments of the United States Constitution,

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

which have been part of the Constitution since 1791 with the enactment of the Bill of Rights, Mr. Plunk's due process, indictment, Grand Jury, and petit jury trial rights, under the Fifth and Sixth Amendments, were violated by the Court's sentence enhancements and sentence, because the facts were not plead to a Grand Jury, found by a Grand Jury, set out in an indictment, or found by a jury beyond a reasonable doubt and the Court held it was then bound by the U.S.S.G.. As a result, the sentence imposed on Mr. Plunk unconstitutionally *exceeded* the maximum authorized sentence that is supported by facts proved by a jury beyond a reasonable doubt. This is especially so as to the alleged perjury and obstruction of justice aggravators, which enhanced his sentence and were found by the Court at sentencing.

Moreover, the widespread practice among the circuit and U.S. district courts for the judge to first make said findings, and then to be "bound" and "handcuffed" by same under the United States Sentencing Guidelines, was illuminated by the Supreme Court's interpretation of the mandatory guidelines in <u>Booker</u>, as to be unconstitutional in light of the Fifth and Sixth Amendments, and the Petitioner is entitled to these protections.

These Fifth and Sixth Amendment rights were obviously in existence at the time the Court acted,[1] over the specific and preserved objections of Mr. Plunk, and notice was given to

---

[1]    As discussed <u>infra</u> at section IV, pp. 23-26, Mr. Plunk does not necessarily seek retroactive application of the holding in <u>Booker</u>, per se, although if the Court deems it necessary, such retroactive application should be afforded. Rather, because the basis for <u>Booker</u>, i.e., the Fifth and Sixth Amendment jury trial rights, have been in existence since the enactment of that amendment, and because Mr. Plunk asserted his rights under the Sixth Amendment contemporaneous to sentencing, and specifically objected to the enhanced sentence based on the Court's findings under a preponderance of the evidence standard, Mr. Plunk is uniquely situated among petitioners under 2255. Basically, Mr. Plunk's Fifth and Sixth Amendment rights, at the time of sentencing, protected him from punishment based solely on facts found by the judge under a lower burden of proof. Mr. Plunk asserted those rights and the Court overruled the objection and sentenced in contravention of those rights. Mr. Plunk's resultant sentence was unconstitutional. Mr. Plunk sought collateral relief, and was erroneously denied same based on procedural grounds. That defect in the proceedings must be corrected, and the then existing

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

the Court that such a sentence would violate Mr. Plunk's rights.  Accordingly, the judgment in the criminal case, and the judgment which denied the collateral attack on the conviction and sentence pursuant to 28 U.S.C. § 2255, were illegally entered so as to warrant and mandate correction under Rule 60(b), which in turn incorporates the ancient writ of coram nobis, designed to grant such relief.

As discussed herein, and reflected by the case authority and the constitution, and to be further discussed if necessary in additional briefing by way of either reply to the Government's response to this motion, or additional briefing on the merits of the underlying § 2255/habeas corpus application that must be reopened, this Court is empowered to act, irrespective of the fact that alternative relief may well be mandated and/or forthcoming under considerations of retroactivity of Booker.

That is, the basic issues which support petitioner's request for relief is that he was sentenced to two life terms, due to the Court in the first instance finding over his objection by a preponderance of the evidence, he was culpable as to criminal conduct which was not the subject of a proper presentation to the Grand Jury, finding by the Grand Jury, specification and notice in the indictment, nor presentation to a trial jury and finding by a trial jury based upon admissible evidence, subject to cross-examination and confrontation before a trial jury, with a finding of guilt beyond a reasonable doubt by a unanimous verdict.  These issues are coupled with the fact that notwithstanding the defendant's objections, the Court felt bound by the then-widespread practice throughout the Ninth Circuit and the other circuits and related district courts, to not only make such findings based on allegations by the government over such objections, but to then in

---

widespread unconstitutional practice repudiated, the 2255 action reopened and the Fifth and Sixth Amendment claims addressed on the merits with application of, not merely Booker, but rather, the constitution.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

turn to be bound by the straightjacket of the sentencing guidelines which appeared to mandate life sentences. This was especially prejudicial to Mr. Plunk as to the enhancements of role in the offense and obstruction of justice, as well as the issue of relevant conduct.

In that regard, it is not necessary to reach the issue of the retroactivity of <u>Booker</u> to afford relief (although Mr. Plunk may well be entitled to such relief under a constitutional application of <u>Booker</u> and its holdings coupled with traditional habeas corpus § 2255 analysis).

Rather, this Court is empowered to act irrespective of the technical retroactivity of <u>Booker</u>, since the constitutional protections at issue under the Fifth and Sixth Amendments were then in existence and effective, and properly pointed out by counsel in the first instance and appropriate objections and assertions were made by the defendant through counsel as to the unconstitutional practice. Regardless of whether that practice was, as noted, widespread and accepted, it was nonetheless unconstitutional and the controlling law was the Fifth and Sixth Amendments. Thus, <u>Booker</u> does not have to be viewed as a "watershed" opinion, or "retroactive" but mere illumination and interpretation by the Supreme Court of the existing constitutional law, which was not changed. At the same time, however, the existence of the widely accepted practice means that any lack of more specificity on direct appeal does not preclude Mr. Plunk from now asking this Court, especially under Rule 60(b)(6) (or if need be under 28 U.S.C. § 2255 and/or via habeas corpus), to exercise its authority and grant relief.

Such authority of the Court, and the necessity of relief is in turn grounded in the fact that the central unconstitutional violations illuminated by <u>Booker</u>, and objected to and preserved by Mr. Plunk, have never been properly addressed on the merits, but have been procedurally shunted such that this application is neither substantively nor procedurally barred by way of any AEDPA restrictions or doctrines, or other law.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

5

Thus, the Court must recognize its authority to address and meet on the merits these constitutional issues, including, if necessary, the fact that if "cause and prejudice" is relevant in the underlying § 2255 petition, the criteria for same are clearly met. The importance of the constitutional rights that existed and were violated, coupled with trial counsel and appellate counsel's being confronted with the then existing uniform contrary caselaw and widespread and accepted practice (now recognized as preexisting unconstitutional conformity by the circuit and district courts) especially in the face of repeated labeling of counsel's approach as "shotgun" and admonitions not to address issues in the face of such widespread practices by the courts, meet said "cause and prejudice" test.

Finally, when the Court recognizes its authority and its obligation to address these constitutional rights, Petitioner can and will more fully delineate to the Court why a reasonable, fair, and just sentence by a Court unfettered with such an unconstitutional fact finding procedure or sentencing guidelines bookends is in fact in the range of time served, and certainly not approaching the two life sentences which the defendant is now serving time in maximum security.

## II.    Under <u>Gonzalez</u>, Mr. Plunk's 60(b) motion is not a "successive" habeas motion.

Mr. Plunk moves to correct the judgment in the civil proceedings pursuant to 28 U.S.C. § 2255 under Federal Rule of Civil Procedure 60(b). That Rule provides, in pertinent part:

> <u>On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:</u> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) <u>any other reason justifying relief from the operation of the judgment.</u> The motion shall be made within a reasonable time, and for

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

(emphasis added.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Title I, amended U. S. law governing habeas petitions in 28 U.S.C § 2244 and §§ 2253-2255. While the AEDPA amendments placed restrictions on when a federal court may entertain a "second or successive" §2255 habeas petition, this Rule 60(b)(6) motion is not so restricted or prohibited.[2] Under Gonzalez v. Crosby,[3] a Rule 60b motion may be considered a "successive" habeas petition only if it contains one or more new "claims." A "claim" is only presented where a new ground for relief is advanced, or, "if [the 60(b)] motion attacks the federal court's previous resolution of a claim *on the merits*."[4] A attack is not "on the merits" where a movant/petitioner "merely asserts that a previous ruling which precluded a merits determination was in error -- for example, a denial for such reasons as failure to exhaust, *procedural default*, or statute of limitations bar."[5] Under Gonzalez, Mr. Plunk's Rule 60b motion is *not* a "successive" habeas petition, because the constitutional sentencing violations asserted in his original 2255 petition were never reached on

---

[2] See generally Felker v. Turpin, 518 US 651 (1996); Lindh v. Murphy, 521 US 320 (1997). The amendments establishes a "gatekeeping" (or prior-approval) mechanism, in §2255 ¶ 8, by cross-reference to §2244b. The gatekeeping mechanism requires the applicant to file a motion in the applicable court of appeals to get prior authorization for the district court to consider a claim in a "second or successive" habeas petition. Felker v. Turpin, 518 US 651, 657 (1996). In addition, the AEDPA amendments in §2255, limited the *new* claims that can be entertained in "successive" §2255 habeas motions to new rules of constitutional law and newly discovered evidence. *See* ¶8 of §2255. Similar restrictions are given for §2254 habeas petitions in §2244b. If a habeas petition is not a "successive" petition, then the AEDPA restrictions do not apply. Gonzalez v. Crosby, 125 S. Ct. 2641, 2646 (2005).

[3] 125 S. Ct. 2641, 2647 (2005).

[4] Id. at 2648 (emphasis in original).

[5] Id. at n. 4 (emphasis added).

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

the merits, but were erroneously denied on grounds of procedural default, and the then existing

practice was not rejected, nor its constitutionality adjudicated.

It is clear that <u>Gonzalez</u> held any 60(b) motion that attacks "some defect in the integrity

of the federal habeas proceedings" (as opposed to the substance of the court's resolution of a

claim on the merits), is not a "successive" habeas petition, and therefore not subject to the

limitations on successive petitions set forth in the AEPDA.[6]  In accord with the instant case, the

Supreme Court found that the Petitioner Gonzalez's motion "fits this description," because it

alleged a mistake by the court in applying the federal statute of limitations set out in § 2244(d).[7]

In his original §2255 habeas petition, Mr. Plunk presented claims that his Fifth and Sixth

Amendment rights were violated in several regards by the imposition of this Court's sentence.[8]

Mr. Plunk alleged that his Fifth and Sixth Amendment rights were violated when the Court

imposed two life sentences, where there had never been a proper presentment to a Grand Jury,

Grand Jury finding, indictment, or petit jury finding beyond a reasonable doubt of the quantity

involved in the counts of conviction or as to relevant conduct, obstruction of justice, or role in

the offense.[9]  While the quantity argument was premised on Mr. Plunk's Fifth and Sixth

Amendment rights to notice, presentment, a Grand Jury True Bill, indictment, and a petit jury

---

[6]  <u>Id.</u> at 2648.  Note that the Supreme Court's ruling in <u>Gonzalez</u> also reflects lower court rulings holding that a Rule 60(b) motion does not conflict with the AEDPA if it contains allegations that implicate "the integrity of the court's habeas proceeding" as opposed to those that implicate the validity of the conviction.  <u>See</u>, <u>Rodwell v. Pepe</u>, 334 F. 3d 66, 70 (1st Cir. 2003) (citing mistake and fraud as examples of circumstances that might justify setting aside a judgment denying habeas relief).

[7]  <u>See</u>, <u>id.</u>

[8]  Motion to Vacate, Set Aside or Correct Sentence of Person in Federal Custody Under 28 U.S.C. § 2255, dated April 5, 2000, at Appendix C, Ground I(1).  [Docket No. 539]

[9]  <u>See</u>, Statement of Clarification [Docket No. 556] at 5-10; Reply to Government's Motion to Dismiss Petition [Docket No. 573A] at 1-15.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

finding of all essential elements beyond a reasonable doubt, the claim was couched as an argument under the then-recent authority of Apprendi v. New Jersey.[10]  Accordingly, the quantity argument will be referred to herein, as it was by the Court in its findings, as the "Apprendi" claim.  The Court, reviewed *de novo*,[11] and found that "Magistrate Judge Roberts [] correctly found the facts and applied the law in all respects.  [The Court] therefore adopt[ed] in all respects his findings and conclusions."[12]  On the Apprendi issue, the Court did not reach the merits of the claim, however, but rather ruled that Apprendi did not apply retroactively.[13]  Accordingly, as to the Apprendi quantity claim, the substantive issues were presented but never ruled on.

Mr. Plunk further alleged that his Fifth and Sixth Amendment rights were violated when the Court imposed a sentence under the mandatory guidelines that was based in part on judicial factfinding under a preponderance of the evidence standard to in turn "handcuff" the Court.  In particular, Mr. Plunk claimed that judicial findings under the mandatory guidelines regarding (1) relevant and offense conduct; (2) role in the offense; and (3) obstruction of justice, which increased Mr. Plunk's sentence, violated his constitutional grand jury, jury trial, and due process rights.[14]  Despite this clear presentation of substantive constitutional claims regarding the

---

[10] 530 U.S. 466 (June 26, 2000).

[11] See, Order From Chambers, dated May 22, 2002, [Docket No. 625] at 2 ("28 U.S.C. § 636(b)(1)(C) establishes that this court reviews *de novo* [issued decided in the magistrate's report and recommendation] where, as here, objections are raised.")

[12] Id. at 2-3.

[13] Order at 3 (relying on United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002).

[14] See, Motion to Vacate and Set Aside at Appendix C, Ground I(1) [Docket No. 539]; Statement of Clarification [Docket No. 556] at 10-12 (relevant and offense conduct), 12-15 (role in the offense and obstruction of justice), and 15-18 (obstruction of justice); Reply to Government's Motion to Dismiss [Docket No. 573A] at 15-18; Supplemental Memorandum Regarding United States v. Buckland [Docket No. 597] at 77-90.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

imposition of sentence, this Court mistakenly found that the other (i.e., non-quantity <u>Apprendi</u>) "sentencing arguments" were "non-constitutional sentencing errors" that were "<u>procedurally barred.</u>"[15]    Accordingly, these substantive constitutional claims were not adjudicated on the merits.  This is crucial since, particularly in light of <u>Booker</u>'s illumination, that ruling is a classic <u>Gonzalez</u> error.[16]  That is, this Court characterized arguments that are not strictly "<u>Apprendi</u>" as non-constitutional, and held that they were procedurally barred, much like Petitioner Gonzalez's claims were erroneously held to be barred by misapplication of the statute of limitation.[17]  Thus, like Gonzalez, a defect in the integrity of Mr. Plunk's 2255 proceedings led to an erroneous judgment that dismissed his claims under 28 U.S.C. § 2255, without adjudication of those claims on the merits.  Now it is apparent that these claims were not procedurally barred and addressed constitutional violations, particularly in light of <u>Booker</u>'s interpretation and illumination of existing Fifth and Sixth Amendment rights, and the necessary non-binding application of the U.S.S.G. in light of same, and therefore the judgment of dismissal must be corrected.

As confirmed by <u>Booker,</u> and contrary to this courts ruling, the "sentencing arguments" raised by Mr. Plunk in his 2255 petition, were in fact substantive constitutional claims.[18]  Barring Mr. Plunk's Fifth and Sixth Amendment sentencing claims as "non-constitutional error" was a *procedural* mistake of this Court that may now be corrected under Rule 60(b)(6).    Thus,

---

[15]  <u>See</u>, Order [Docket No. 625] at 4 (citing <u>United States v. Schlesinger</u>, 49 F.3d 483 (9th Cir. 1994).

[16]  <u>See</u>, <u>Gonzalez</u> at 2648, 2648 n.4.

[17]  <u>See</u>, <u>Id.</u>

[18]  <u>See</u>, <u>generally</u>, <u>United States v. Booker</u>, 543 U.S. 220 (2005) (sentence violated defendant's Sixth Amendment rights where based not on facts submitted to a jury, and proved beyond a reasonable doubt, but rather on judicial fact finding under preponderance of the evidence standard).

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Petitioner Plunks's 60(b) motion, as in <u>Gonzalez</u>, attacks the "integrity of the federal habeas proceedings", and is not a "successive" habeas petition.

Finally, unlike Petitioner Gonzalez, Mr. Plunk can show "extraordinary circumstances" that warrant correcting the judgment. Holding that a movant under Rule 60(b)(6) must show "extraordinary circumstances," the Supreme Court denied the motion.[19]  Gonzalez merely invoked a change in the law regarding interpretation of the statute of limitations bar, which the Supreme Court characterized as a mere "interpretation of the federal statutes setting forth the requirements for habeas," and distinguished from "a change in the interpretation of a substantive statute, [which may in fact] have consequences for cases that have already reached final judgment, particularly in the criminal context."[20]  Further, Gonzalez could not show he exercised due diligence in pursuing review of the statute of limitations issue.[21]  Gonzalez did not raise the issue in his application for a COA, did not file a petition for rehearing with the Eleventh Circuit following the denial of a COA, and did not seek certiorari review of the denial.[22]  Herein, Mr. Plunk challenges the Court's dismissal on procedural grounds, which mistakenly characterized his sentencing arguments as "non-constitutional."  Now, Supreme Court precedent illuminating and interpreting the Fifth and Sixth Amendments and the U.S.S.G. in <u>Booker</u>, makes it clear that Mr. Plunk's substantive objections to his sentence and the sentencing proceedings were both constitutional and justified.  Accordingly, the Supreme Court's illumination and interpretation of the federal guidelines constitutes interpretation of a substantive statute, and illumination of the

---

[19]  <u>Gonzalez</u> at 2651.

[20]  <u>Id.</u>

[21]  <u>Id.</u>

[22]  <u>Id.</u>

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Fifth and Sixth Amendment rights that existed, that warrants correcting the judgment.  Moreover, Mr. Plunk alleged and argued in his 2255 before the district court, <u>following contemporaneous constitutional objections on the same grounds at sentencing</u>, that his Fifth and Sixth Amendment rights were violated.[23]  The Court erroneously dismissed these claims as "non-constitutional" and procedurally defaulted.[24]  Following dismissal of the 2255, Mr. Plunk sought a COA from the Ninth Circuit, sought rehearing, and sought certiorari review.[25]  Accordingly, the substantive nature of the interpretation of the guidelines, Mr. Plunk's contemporaneous objection in the trial court, and Mr. Plunk's due diligence constitute "extraordinary circumstances" that warrant relief from the judgment.

**III.    The civil and criminal judgments and sentence and sentencing proceedings are illegal and unconstitutional.**

Mr. Plunk was convicted by jury verdict of one count of conspiracy to distribute cocaine (Count 1 of the superseding indictment [Docket 25]) in violation of 21 U.S.C. §§ 841(a)(1) and 846; one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) in (Count 11) and four counts of using a communication facility in the commission of a drug trafficking crime in violation of 21 U.S.C. § 843(b) (Counts 3 through 6).  Mr. Plunk was acquitted on one count of distributing cocaine (Count 9), and the jury hung on one count of operating a continuing criminal enterprise in violation of 21 U.S.C. § 848 (Count 2), one count of distributing cocaine (Count 10), and one count of conspiring to distribute cocaine (Count 12).[26]

---

[23]    <u>See</u>, citations to the record at notes 40 and 41, <u>infra</u>.

[24]    <u>See</u>, Order at 4 [Docket No. 625].

[25]    <u>See</u>, citations to the record at notes 43-46, <u>infra</u>.

[26]    The Court subsequently granted the Government's motion for dismissal of Counts 2, 10, and 12 without prejudice.  [Docket 428].

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

The Court held a sentencing hearing on November 18, 1996, and imposed two life sentences as to Counts 1 and 10.[27]

In <u>United States v. Booker</u>,[28] the Supreme Court interpreted, illuminated, and struck down the sentencing scheme created by the Sentencing Reform Act of 1984, (the then widespread circuit and U.S. district court practice) to the extent that the Act mandated the imposition of sentences predicated on facts not found by the jury or admitted by the defendant. Therein, the Supreme Court held that "Accordingly, we reaffirm our holding in <u>Apprendi</u>: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." To remedy the constitutional infirmity, the Court severed the mandatory portions of the Act, rendering its sentencing provisions, including the Sentencing Guidelines, effectively advisory.

Mr. Plunk's sentence violated his Fifth and Sixth Amendment rights in several aspects:

(1)    The Court's findings of fact under the mandatory guidelines regarding "offense conduct" pursuant to U.S.S.G. § 1B1.2(a), insofar as the indictment did not plead and the jury verdict did not establish a specific drug quantity;

(2)    The Court's findings of fact under the mandatory guidelines regarding "relevant conduct," which includes the "offense conduct" and all other drug amounts that were "part of the same course of conduct or common scheme or plan as the offense of conviction," were unconstitutional. <u>Id.</u> § 1B1.3(a)(2);

---

[27] <u>See</u>, Transcript of Sentencing Proceedings.

[28] 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005).

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

(3)     The Court's finding of fact under the mandatory guidelines, under a preponderance of the evidence standard, that Mr. Plunk was a manager or supervisor under U.S.S.G. § 3B1.1(b) was uncontitutional;[29]

(4)     The Court's finding of fact under the mandatory guidelines, under a preponderance of the evidence standard, that Mr. Plunk obstructed justice under U.S.S.G. § 3C1.1 were unconstitutional;[30]

(5)     The Court's holding that it was then bound by the U.S.S.G. to impose two life sentences was unconstitutional.

A.     **Apprendi "quantity" claim.**

As set out in the original motion under 28 U.S.C. § 2255 and argued before this Court, the government failed to allege in the indictment, and the Grand Jury did not consider or find, and the court failed to instruct the trial jury that they had to find beyond a reasonable doubt that Mr. Plunk's offenses involved a quantity equal to or more than 25 grams of cocaine, and certainly not 500 grams or five kilograms of cocaine, and only instructed the jury that they had to "approximately" find a quantity as to Count 11 and thereby as to Count 1.  Due to this constitutional error, the verdict as it stands only supports statutory maximums of 20 years on the

---

[29] This is especially so given the fact that the jury was unable to reach a verdict on Count 2 of the indictment that alleged a continuing criminal enterprise, and further given the fact that the jury could not reach a verdict on distribution and conspiracy Counts 10 and 12 and acquitted Mr. Plunk on distribution Count 9.

[30] To recognize the unconstitutional nature of allowing a trial/sentencing judge, pursuant to "charges" brought by a prosecutor and/or probation officer "convict" by a preponderance of the evidence standard for "conduct," to then "bind" the Court under the U.S.S.G., i.e., obstruction of justice not presented to or charged by the grand jury or the subject of a jury trial or verdict simply realize that *if* such a separate crime/conduct was so charged at trial, Mr. Plunk might well (and most likely would) have been acquitted given the lack of proof and Mr. Pierson's lack of credibility.  Moreover, there was <u>no</u> presentment to or finding by a Grand Jury or specificity in the indictment as to same.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

conspiracy and the distribution count under 21 U.S.C. § 841 and 21 U.S.C. § 843, and 4 years on the communications facilities counts.  Furthermore, under the mandatory guidelines, a judge cannot sentence above level 12, i.e., 10-16 months for Mr. Plunk's criminal history, in the absence of a specific finding pursuant to indictment and specific instructions to the jury as to the requirement of proof beyond a reasonable doubt of the quantity elements, to lift the "ceiling" under the mandatory guidelines.

### B.    Offense conduct and relevant conduct

As noted, the jury made no finding of a specific quantity term beyond a reasonable doubt, given the "approximate" instruction.  Notwithstanding this argument, however, it was constitutional error for the Court to calculate a base offense level and relevant conduct based on judicial factfinding not supported by Grand Jury presentation, finding, or indictment, or the trial jury verdict.[31]

### C.    Role in the Offense and Obstruction of Justice.

It is clear under the Fifth and Sixth Amendment, that any upward adjustment of a defendant's sentence that is based on facts not presented and found by the Grand Jury, included in the indictment, and found by a petit jury beyond a reasonable doubt.  Findings under the mandatory guidelines relating to role in the offense and obstruction of justice clearly fall within this category.[32]

---

[31]    See, e.g., Booker, 125 S.Ct. 738, 747, 160 L. Ed. 2d 621, 640 (judge findings regarding drug quantity for relevant conduct purposes under preponderance of the evidence unconstitutional under mandatory guidelines).

[32]    See, e.g., Booker, 125 S.Ct. 738, 747, 160 L. Ed. 2d 621, 640 (judge findings regarding role in the offense under mandatory guidelines unconstitutional).

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

**IV.    The constitutional challenge(s) are preserved and must be reached.**

As noted above, Mr. Plunk has consistently maintained, beginning at the sentencing hearing and throughout the litigation which has followed in the nine years since such sentencing, that the trial court violated his Fifth and Sixth Amendment jury trial rights when the Court made factual findings by a preponderance of the evidence, and sentenced Mr. Plunk under the mandatory guidelines based on same, which under the then existing and widespread practice "hand cuffed" the court.

Prior to sentencing, Mr. Plunk filed extensive objections to the presentence report.

Therein Mr. Plunk objected to factual findings which would aggravate Mr. Plunk's sentence that were not supported by a Grand Jury Indictment and a Petit Jury Verdict.

<u>See</u>, Objections to Presentence Report [Docket No. 408].

Further, in briefing Mr. Plunk argued that the Court was prohibited from making factual findings regarding relevant conduct, i.e., drug quantities, role in the offense, and obstruction of justice.  In particular, in the Sentencing Memorandum, Mr. Plunk stated in pertinent part:

> []    The defendant continues to object to findings as to alleged culpable conduct for the defendant not supported by the jury's verdict, not supported by specific witnesses subject to an oath, confrontation and cross-examination;

> []    The defendant continues to object to any sentence based upon any activities other than that for which he was specifically convicted and proven by proof at trial;

<u>See</u>, Sentencing Memorandum [Docket No. 420]

At the Imposition of Sentence, Mr. Plunk again made objections to the Court increasing his sentencing based on judicial factual findings under the preponderance of evidence standard.

> MR. WEIDNER:    Well, I object, Your Honor, but I also note that there -- there's some case law, and I have cases here -- at the appropriate time, if Your Honor hasn't seen them, I can give you a copy -- but saying that, where you're making all these findings on a preponderance of the evidence standard, that needs

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

to get factored into the sentencing because of the -- there's a possibility of cumulative error.

       I mean, <u>I object to the preponderance of the evidence standard</u>, I mean, but -- I mean --

THE COURT: Why, I understand you do.  I -- however, I read the case law to say --

MR. WEIDNER:     All right.

THE COURT: -- that that's the stand --

MR. WEIDNER:     But --

THE COURT: -- that I employ.

…

MR. WEIDNER:     Well, in any event, Your Honor, there is a -- there's case law saying that we are using a preponderance of the evidence standard, that you should factor that into a potential downward departure and adjustment because you're <u>bringing in evidence -- or you're bringing in findings to aggravate the sentence that weren't proven beyond a reasonable doubt</u>.

Partial Transcript of Proceedings, Imposition of Sentence at 65-66.

Later in the proceedings, Mr. Plunk again objected to the judicial factual findings on a preponderance of the evidence that were the basis of his mandatory sentencing range under the mandatory sentencing guidelines.

As to findings of drug quantity for purposes of relevant conduct, Mr. Plunk argued:

MR. WEIDNER:     No.  Here's the analogy I am trying to draw.  When they bring a person in like Novo and we get to cross-examine him and then when there's an acquittal, then you can't count it.  But somebody like Worth, that we've never had a chance to cross-examine, they're trying to bring it in and say somehow Mr. Plunk is responsible for it.  So we -- we've never had any chance to even examine Worth and -- or -- I mean I don't know anything about these five trips.  Now they're listed in the presentence report as September 7th, 4th, 20th, 5th, and 22nd.  <u>We're helpless here</u>.

Imposition of Sentence Tr. at 92.

As to the obstruction of justice finding, the following exchange occurred.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

17

MR. WEIDNER:    Well, Your Honor, there is some case authority saying that you can consider departing downward where you've made numerous findings on preponderance of the evidence that increases a defendant's exposure.  And that in essence what you've done here.  And also --

THE COURT: Well, but bear in mind, I'm not sure that's technically true, Mr. Weidner, because the 150 comes directly from the jury's conviction.  Now, the others with respect to the quantities, which is what mostly you're arguing about, I think --

MR. WEIDNER:    But you gave him a three-point upward adjustment based upon a --

THE COURT: All right.  Well, all right.  [Objection overruled].
        …
MR. WEIDNER:    [As to obstruction of justice]  Here's the point, Your Honor.  If you stick with the two-point upward adjustment of two points, it takes us from level 41 to 43.  [] if you go to a level 43 and don't depart downward, it's a life sentence.

Imposition of Sentence Tr. at 145-47.

Although Mr. Plunk asserted his Fifth and Sixth Amendment rights at the trial court level to have every factual element that authorizes his sentence presented and found by the Grand Jury, included in the indictment, and found by the jury beyond a reasonable doubt, the government may argue that Mr. Plunk did not sufficiently preserve this issue in his direct appeal. Accordingly, once the Court grants the motion to correct judgment(s) on the grounds asserted herein that the "sentencing issues" presented by Mr. Plunk in the 2255 motion were in fact constitutional and therefore should have been addressed in that collateral attack, the issue may become whether or not other procedural grounds existed, outside the asserted "non-constitutional sentencing issue" grounds, for failure to reach the claim on the merits.  Any alleged failure to preserve the issue on direct appeal, following his clear objection to the upward adjustments on Fifth and Sixth Amendment grounds contemporaneous to sentencing at the trial court level, is

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fzx (907) 278-6571

excused by the doctrine of cause and prejudice, such that it should now be litigated on the merits.[33]

Even where a defendant has not sufficiently specifically raised a claim on direct review, the claim can be heard on a petition under § 2255 upon a showing of "cause" and actual "prejudice."[34]  Cause exists, as in this case, where there was a "reasonable unavailability of the legal basis . . . for a claim" and thus, cause for failing to raise it.[35]  The Supreme Court has held that where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim.[36]  A claim is "not reasonably available to counsel" when its legal basis rests on a decision of the Supreme Court which announces a "new" constitutional rule, representing "'a clear break with the past.'"[37]  Even where, as here, Booker illuminated and interpreted a clear set practice (but does not have to be seen as a "watershed" regarding "retroactivity"), such a decision exists when it "overtur[ns] a longstanding and widespread practice to which [the Supreme Court] has not spoken, but which a nearly unanimous body of lower court authority has expressly approved."  Clearly, Booker

---

[33]    Given the Ninth Circuit and this Court's characterization of Mr. Plunk's appellate litigation as "scatter shot," see Order from Chambers at 2 [Docket No. 625] citing United States v. Plunk, 153 F.3d 1011, 1016 (9th Cir. 1998), it is apparent that in light of the then almost uniform (but erroneous) widespread practice throughout the Ninth Circuit and other circuits, and U.S. district courts to engaged in the judicial fact finding and "handcuffing" of the court by the U.S.S.G. to which Mr. Plunk objected at the U.S. district court level, any absence of more specificity on appeal as to these issue was justified by counsel begin faced with said practice and court authority prior to the U.S. Supreme Court's illumination in Booker, particularly due to the chilling effect of the "shotgun" label and criticism.

[34]    Bousley v. U.S., 523 U.S. 614, 622 (1998). (citing Murray v. Carrier, 477 U.S. 478, 485 (1986)).

[35]    McKlesky v. Zant, 499 U.S. 467, 497 (1991).

[36]    Reed v. Ross, 468 U.S. 1, 16 (1984).

[37]    Id. at 17 (quoting U.S. v. Johnson, 457 U.S. 537, 549 (1982)).

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

represents just such a "new" rule of constitutional criminal law, as it overturned such a longstanding and widespread practice. Prior to the <u>Booker</u> decision it was well established in all the circuits that the sentencing court made factual findings regarding sentence enhancements by a preponderance of the evidence and that then the Court was then "handcuffed" by the U.S.S.G..[38] Therefore, Petitioner had no reason to raise the issue on appeal, and cause for failure to do so is shown, especially when faced with the "shotgun" label and criticism.[39] Moreover, as set out in the argument section <u>supra</u> regarding the validity of the constitutional claims, actual prejudice exists, particularly as to the claims regarding the enhancement of Mr. Plunk's sentence based on facts found by the sentencing Court, that "handcuffed" the Court under the U.S.S.G., precisely as illuminated by <u>Booker</u>, such practice and handcuffing violated the Fifth and Sixth Amendment.

Following his direct appeal, Mr. Plunk filed a Motion Under 25 U.S.C. § 2255 to Vacate Set Aside, or Correct Sentence by a Person in Federal Custody.[40] Therein, Mr. Plunk clearly argued that these judge factual findings that formed the basis of his sentence under the

---

[38]    Note further, that while the government may argue the specific issue of the preponderance of the evidence standard as to drug quantity and unconstitutional enhancement of Mr. Plunk's sentence based on this Court's factual findings was not adequately raised on direct appeal, Mr. Plunk's counsel did specifically object at the district court level to the use of the preponderance of the evidence standard to finding drug quantity and relevant conduct for drug offense outside the scope of the jury verdict, and further, to the obstruction of justice and role in the offense enhancements. <u>See</u> discussion in section IV, <u>infra</u>.

[39]    <u>See</u>, <u>Darity v. U.S.</u>, 2000 WL 1804736, *4 (W.D.N.C.); <u>see</u> also, <u>United States v. Pitt</u>, 953 F.Supp. 737, 739 (W.D.Va.1997) ("[D]efendant has shown adequate cause for his failure to raise this issue at trial, sentencing, or direct appeal, because Bailey was decided after his appeal."), <u>aff'd</u>, 131 F.3d 138 (4th Cir.1997), <u>cert</u>. <u>denied</u>, 523 U.S. 1053 (1998).

[40]    Filed on April 5, 2000.  [Docket No. 539]

mandatory guidelines violated his constitutional rights, and warranted vacating his sentence.[41]

Mr. Plunk, in the 2255 proceedings, specifically argued to the Court:

(3) <u>Upward adjustment of Mr. Plunk's base offense level for his alleged role in the offense and obstruction of justice violated his Fifth Amendment due process and Sixth Amendment rights.</u>

While the argument that <u>Apprendi</u> prohibits the court from determining the amount of drugs for the basic offense of conviction, or quantities for relevant conduct purposes, or other factors which increase the applicable guidelines sentencing level, has been rejected by some federal courts, [citations omitted] the issue is as yet undetermined in the Ninth Circuit. Petitioner urges the court to adopt the view that a judicial determination (without a specific grand jury indictment and trial jury verdict) of the amount of drugs for the basic offense of conviction, or relevant conduct purposes, or judicial determination of defendant's role in the offense, or judicial determination of obstruction of justice under the federal sentencing guidelines are not "sentencing factors" of the kind first coined in <u>McMillian v. Pennsylvania</u>, 477 U.S. 79, 106 S.Ct. 2411 (1986), but rather facts which are "tail[s] that wag[s] the dog," <u>McMillian</u> at 87-88, 106 S.Ct. 2411, and increase minimum and maximum penalties for the offense.

[Footnote] That is, in the absence of statutory sentencing guidelines which *require* that the judge not sentence above or below a certain range, but for findings of "sentencing factors"/elements to increase the sentencing range, and/or increase the minimum and/or maximum sentence, it might be argued the judge has discretion to sentence within a 20-year range for the drug counts and four years for the telephone counts. <u>However, since 18 U.S.C. subchapter A, § 3551 *et seq.* and 8 U.S.C. chapter 58, which implement the guidelines, provide that a sentence *may not be less than or exceed a certain range* but for certain elements characterized as sentencing factors, the judge is actually bound by a ceiling not to exceed that range, in the absence of a specific allegation of such facts in the indictment, and finding by the jury.</u> Thus, in light of the sentencing guidelines "grid" or "overlay" on the 21 U.S.C. §§ 841, 843 and 846 statutes, the maximum punishment is at level 12 or 16 months<u>. This basic distinction, i.e., as discussed *infra* that the "grid" or "overlay" is a statute that "binds a judge's hands" once certain "facts" are found, means this is not "judicial discretion" as to "sentencing factors" under McMillian, but actual "elements" that are the "tail[s] that wag[s] the dog" under McMillian, i.e., that bind the judge and must be found by the grand jury and jury.</u>

---

[41] <u>See</u>, <u>Id.</u> at Appendix C, Ground I(1). [Docket No. 539]

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Apprendi applies to those facts that increase a penalty beyond a statutory maximum. Apprendi at 2358 ("[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)). Where the federal sentencing guidelines are involved, virtually all sentencing discretion traditionally vested in the sentencing judge is eliminated. In the usual case under 21 U.S.C. § 841, where a quantity found by the grand jury and is proven to the jury, the judge merely takes that quantity amount (which under Apprendi must be found by the grand jury, set out in the indictment, and found beyond a reasonable doubt by the trial jury) and finds the appropriate sentencing level. The judge is then *required* by statute to sentence within the applicable range.

> [Footnote]   "Pursuant to the [Sentencing Reform Act of 1984], the sentencing court *must* select a sentence from within the guideline range." United States Sentencing Commission, Guidelines Manual, §1.A2 (emphasis added).

Hence, because the federal sentencing guidelines are *statutes* that overlay the federal criminal statutes, and are the controlling authority when sentencing for crimes under the federal statutes, they supply the "statutory maximum" (and "statutory minimum") for federal offenses. Accordingly, it is inappropriate to liken determinations made by the judge that will increase the guidelines range to sentencing factors within the traditional realm of judicial discretion because these determinations are in fact increasing the statutory maximum and/or minimum for the offense, with *no* judicial discretion.

…

Moreover, even assuming arguendo that the government did [] establish a quantity in excess of 150 kilograms of cocaine, this would place Mr. Plunk in a base level offense of level 38 under U.S.S.G. § 2D1.1(C)(1), calling for a sentence of 235-293 months. Even the "relevant conduct" determination of quantity "maxes out" at "in excess of 150 kilograms" and results in a level 38. Thus, as set out above, it is the petitioner's position that due to the mandatory statutory nature of the sentencing guidelines, this sentence range should be considered the mandatory minimum and statutory maximum for this offense. Accordingly, alleged facts or factors such as defendant's "role in the offense" and "obstruction of justice" cannot be characterized as sentencing factors under McMillian because they are facts that potentially increase the punishment above the statutory maximum imposed by the base level offense, (38) even as adjusted by relevant conduct under the guidelines (still at level 38).

Statement of Clarification of Motion Under 28 U.S.C.§ 2255 at 13-15 [Docket No. 556][42]

Despite this clear argument by Mr. Plunk in his 2255 proceedings, and the fact that the issue had been raised at the trial court level, the Court refused to rectify, acknowledge or adjudicated the constitutional violation(s) now clearly recognized by the United States Supreme Court in <u>Booker</u>, and erroneously denied the Motion.[43]

The Court further denied a Certificate of Appealability.[44]

The Ninth Circuit erroneously denied the request for a Certificate of Appealability.[45]

The United States Supreme Court denied the Petition for Writ of Certiorari.[46]

Now, it is clear the Court must finally rectify this situation, and correct the judgment, and hold a new sentencing hearing, and impose sentence in accord with the Fifth and Sixth Amendment.

## IV.    Retroactivity analysis does not necessarily need to apply.

Retroactive analysis does not necessarily need to apply in Mr. Plunk's case, insofar as, Mr. Plunk, unlike most post-Booker litigants, raised the issue(s) throughout his litigation before this Court, and on direct appeal, and on collateral review.  Moreover, the referenced rights were

---

[42]   Note that the Court erroneously asserted that Mr. Plunk did not advance his Fifth and Sixth Amendment constitutional challenge to the Court's factual findings which enhanced his sentence until he responded to the United States's motion to dismiss.  In fact, they were asserted generally in the original petition pursuant to 28 U.S.C. § 2255, <u>see</u>, Appendix C Ground I(1); and further, was fleshed out in his Statement of Clarification, as quoted above.

[43]   Order from Chambers dated May 22, 2002 [Docket No. 625].

[44]   Order from Chambers dated June 4, 2002 [Docket No. 630]

[45]   <u>See</u>, Order dated November 27, 2002 in <u>United States v. Plunk</u>, No. 02-35573.  The Ninth Circuit further denied rehearing on the matter.  <u>See</u>, Order Denying Reconsideration dated January 21, 2003.

[46]   <u>See</u>, Order Denying Petition for Writ of Certiorari date dated May 27, 2003, in <u>Plunk v. United States</u>, No. 02-1544.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

in existence, and binding on the court as indicated by the <u>Booker</u> decision, under the Fifth and

Sixth Amendments, as illuminated and interpreted in <u>Booker</u> as applied to the U.S.S.G.

Such a scenario as this is obviously not the norm, and therefore the post-Booker

retroactivity issue(s), as well as the plain error analysis employed on direct appeal for

unpreserved <u>Booker</u> error, do not need to be reached.

> Left unresolved by Booker is the question of what relief, if any, is to be afforded
> to a <u>defendant who [unlike Mr. Plunk] did not raise a Sixth Amendment challenge
> prior to sentencing</u>. We rehear this case en banc to address this issue for cases
> pending on direct review.
>
> <u>United States v. Ameline</u>, 409 F.3d 1073, 1074 (9th Cir. 2005).
>
> [W]e expect reviewing courts to apply ordinary prudential doctrines, determining,
> for example, whether the issue was raised below and whether it fails the "plain-
> error" test.

<u>United States v. Booker</u>, 125 S. Ct. 738, 769 (U.S. 2005).

Thus, given the procedural posture of this case, and the fact that Mr. Plunk raised these

precise issue(s) before this very Court at sentencing, and on collateral attack under 28 U.S.C. §

2255, the plain error test does not have to apply to the case at bar.  Rather, the sentence must be

reviewed for constitutional error.  Under this test, it is clear that constitutional error occurred,

which substantially effected the sentence, such that a new sentencing hearing in accordance with

the Fifth and Sixth Amendments as illuminated and interpreted in the teachings of <u>Booker</u> must

be held forthwith.

Mr. Plunk does not necessarily have to seek retroactive application of the new procedural

rule set out in <u>Booker</u> (although he is entitled to the protection of same).  Rather, Mr. Plunk, as

he did at his sentencing in the first instance, seeks prospective application of the constitution; in

particular, the Sixth Amendment jury trial guarantee and the Fifth Amendment due process, and

indictment and Grand Jury protections.  In <u>Booker</u>, the Supreme Court did not necessarily create

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

any new substantive or constitutional rights, but rather illuminated and interpreted the reach of those jury trial rights. Given the <u>Booker</u> holding, Mr. Plunk's objections to the sentencing Court's factual findings, and his increased sentence based on same, should have been sustained, and the sentence imposed only based on the jury verdict with the Court not "handcuffed" by unconstitutional findings under the U.S.S.G.. Mr. Plunk should not now be further penalized by virtue of the fact that the Supreme Court did not address the concerns of thousands of criminal defendants that the then widespread and accepted practice in the circuit and U.S. district courts as to application of the sentencing guidelines was unconstitutional, and so hold, until after Mr. Plunk's conviction had become final. That fact of the contemporaneous objections of counsel, along with the preservation of these issue(s) in the 2255 proceeding, and the Court's erroneous procedural determination that precluded reaching the issue(s) in the 2255 proceeding, makes Mr. Plunk's situation unique among 2255 petitioners, and warrants application of the very principles he advanced before the Court at sentencing and that require his resentencing, under Rule 60(b) and if necessary 28 U.S.C. § 2255. As the Supreme Court itself noted in <u>Booker</u>:

> It has been settled throughout our history that the Constitution protects every criminal defendant "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." <u>In re Winship</u>, 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). It is equally clear that the "Constitution gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged." <u>United States v. Gaudin</u>, 515 U.S. 506, 511, 132 L. Ed. 2d 444, 115 S. Ct. 2310 (1995). These basic precepts, firmly rooted in the common law, have provided the basis for recent decisions interpreting modern criminal statutes and sentencing procedures.

> <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 161 L. Ed. 2d 621 (2005).

The Court went on to state:

> More important than the language used in our holding in <u>Apprendi</u> are the principles we sought to vindicate. Those principles are unquestionably applicable

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

25

to the Guidelines. They are not the product of recent innovations in our jurisprudence, but rather have their genesis in the ideals our constitutional tradition assimilated from the common law. See Jones, 526 U.S., at 244-248, 143 L. Ed. 2d 311, 119 S. Ct. 1215. The Framers of the Constitution understood the threat of "judicial despotism" that could arise from "arbitrary punishments upon arbitrary convictions" without the benefit of a jury in criminal cases. The Federalist No. 83, p 499 (C. Rossiter ed. 1961) (A. Hamilton). The Founders presumably carried this concern from England, in which the right to a jury trial had been enshrined since the Magna Carta. As we noted in Apprendi:

> "[T]he historical foundation for our recognition of these principles extends down centuries into the common law. '[T]o guard against a spirit of oppression and tyranny on the part of rulers,' and 'as the great bulwark of [our] civil and political liberties,' trial by jury has been understood to require that 'the truth of every accusation, whether preferred in the shape of indictment, information, or appeal, should afterwards be confirmed by the unanimous suffrage of twelve of [the defendant's] equals and neighbors . . . .'" 530 U.S., at 477, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (citations omitted).

United States v. Booker, 543 U.S. 220, _____, 125 S.Ct. 738, 753, 160 L.Ed. 2d 621, 646-47 (U.S. 2005).

## V.    Relief sought.

Mr. Plunk maintains that given the constitutional deficiencies in the imposition of sentence, and The Judgment in a Criminal Case entered on November 26, 1996, [Docket 434], and further the Judgment in a Civil Case denying Mr. Plunk's petition for relief under 28 U.S.C. § 2255 entered on May 22, 2003 [Docket No. 625], said Judgment's should be corrected forthwith.

If deemed necessary, relief should also be granted under the rights to habeas corpus and 28 U.S.C. § 2255.

In particular, said judgment's should be vacated as they were entered in violation of Mr. Plunk's constitutional jury trial rights under the Fifth and Sixth Amendments of the United States Constitution, and the petit jury trial, notice, Grand Jury and indictment, and due process rights

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

afforded therein.  A new sentencing hearing must be ordered forthwith.  At such sentencing, Mr. Plunk's sentence should be imposed in accordance with the Fifth and Sixth Amendments as illuminated and interpreted in United States v. Booker, 125 S. Ct. 738, 769 (U.S. 2005).

Upon resentencing, the Court is free to sentencing outside the guidelines range, and any review of the sentence on appeal following resentencing is based on the reasonableness of the sentence.  Bearing this standard in mind, the Court should consider whether double life sentence without the possibility of parole is a "reasonable" sentence for a man who committed no violent acts, and where similarly situated defendants in the same case received considerably lesser sentences.

## VI.    Summary and Conclusion

Mr. Plunk is currently serving a double life sentence in a maximum security federal prison.  That sentence is based partially on judicial fact findings on a preponderance of the evidence which in turn "handcuffed" the court, in violation of Mr. Plunk's Sixth and Fourteenth Amendment rights as clarified in United States v. Booker, 125 S. Ct. 738, 769 (U.S. 2005).

Mr. Plunk has pointed out this constitutional infirmity to this Court's, and appellate court's, at every opportunity.  Such illegality and unconstitutional result must now be rectified forthwith.

The bottom line is that given the record, the Petitioner's preservation of his constitutional rights, notice that was given to this Court and the appellate courts, and the Fifth and Sixth Amendments to the United States Constitution, and the facts of this case, especially in light of the Supreme Court's delineation in Booker of the scope of the protection of said Amendments, which illuminates the unconstitutional and widespread practice throughout the circuit courts and district courts at the time of Mr. Plunk's sentencing, a practice which unconstitutionally exposed

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571

Mr. Plunk to a sentence disproportionate to that of his similarly situated co-defendants, and was not warranted in the interests of justice, notwithstanding the actual conduct for which he was indicted and convicted, and to a certain extent, further unconstitutionally appeared to hamstring and bind this Court in light of the then existing practice as to an application of the sentencing guidelines, this Court is not empowered to render a just sentence in conformance with the constitution.

Petitioner respectfully submits that the Court, being so empowered, in light of all appropriate considerations, including Mr. Plunk's service to date of over 12 years incarceration, approximately 10 years in a maximum security prison, should recognize that not only are the two life sentences which the Court imposed not warranted, but that a sentence substantially less, and most likely in accord with time served, is appropriate.

RESPECTFULLY SUBMITTED this 12th day of January, 2006.

WEIDNER & ASSOCIATES, INC.
Counsel for Gerald Frank Plunk

s/ Phillip Paul Weidner
WEIDNER & ASSOCIATES, INC.
330 L Street, Suite 200
Anchorage, AK  99501
Phone (907) 276-1200
Fax (907) 278-6571
E-mail: jgreene@weidner-justice.com
ABA 7305032

CERTIFICATE OF SERVICE
I hereby certify that on  January 12, 2006 a copy of the foregoing Motion to Correct Judgment was served electronically on Karen Loeffler;
And by regular US Mail on Scott A. Sterling, Sterling and Dearmond, 851 Westpoint Drive, Suite 201, Wasilla, Alaska  99654.

s/ Phillip Paul Weidner

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fax (907) 278-6571