Phillip Paul Weidner
WEIDNER & ASSOCIATES, INC.
330 L Street, Suite 200
Anchorage, AK  99501
907-276-1200

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                               )<br>                    Plaintiff/Respondent,    )<br>                                                               )<br>         v.                                                  )<br>                                                               )<br>GERALD FRANK PLUNK,                      )<br>                                                               )<br>                    Defendant/Petitioner.    )<br>_____ ) | Case No. A94-0036 CR (JWS) |

**MOTION TO RECONSIDER ORDER DENYING
MOTION TO CORRECT JUDGMENT(S)/
ALTERNATIVE MOTION AND NOTICE TO ASSERT AND PRESERVE ALL OF
PETITIONER'S HABEAS CORPUS AND 28 U.S.C. § 2255 RIGHTS AND
MEMORANDUM IN SUPPORT THEREOF**

COMES NOW defendant, Gerald Frank Plunk, by and through counsel, Phillip Paul Weidner & Associates, a Professional Corporation, and hereby moves, pursuant to Local Rule 59.1, for reconsideration of matters determined in the Court's Order from Chambers dated April 19, 2006 [Docket No. 640].

Reconsideration is requested on the following grounds.

The decision only superficially addressed the meritorious issues raised by Mr. Plunk as to the necessity of the relief requested, and did not address the crucial issues, relating to the undisputed fact, that given the existing constitutional rights of Mr. Plunk pursuant to the Fifth and Sixth Amendments of the United States Constitution, the Court's judgment as to his timely petition under 28 U.S.C. § 2255 was in error, as was the Court's initial ruling at the time of his sentencing in <u>United States v. Plunk</u>, Case No. A94-0036 CR (JWS).

The Court's instant decision only relied upon <u>Untied States v. Cruz</u>, 423 F.3d 1119, 1120-21 (9th Cir. 2005), which is the decision by the Ninth Circuit to the effect that the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005) is not retroactive.

Irrespective of the fact that such decision is not a definitive decision by the United States Supreme Court regarding retroactivity, and that Mr. Plunk reserves his rights as to the true retroactive nature of <u>Booker</u> and relief due in light of same, such retroactive application is not dispositive and does not preclude the relief sought by Mr. Plunk.[1]

The "bottom line" is as follows:

(1) This Court was in error at the time of sentencing Mr. Plunk, and did not honor proper objections by counsel, as to findings not supported by appropriate constitutional notice, indictment, grand jury presentation, jury trial and findings, as to matters upon which the Court relied, including the post-trial claim by the government of obstruction of justice;

(2) The constitutional rights of Mr. Plunk, which precluded such judicial fact finding, based on the objections of record, including making such findings under a preponderance of the evidence standard, and still preclude the Court proceedings in that fashion, have existed since the inception of the constitution and in fact are a legacy of the common law pre-constitutional convention, and <u>Booker</u> did not grant new rights, but simply illuminated those rights so contained in the Bill of Rights, including the Fifth [due process rights to grand jury indictment and notice] and Sixth [jury trial guarantee] Amendments;

---

[1] <u>See</u>, Motion to Correct Judgment(s) [Docket No. 638] at 23-26.

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fzx (907) 278-6571

(3) Accordingly, not only was this Court in error at the time of the sentencing (which as a sitting United States District Court Judge, it has an obligation under the United States Constitution to acknowledge and not ignore), but this Court likewise was in error at the time of Mr. Plunk's timely application under 28 U.S.C. § 2255, and common law and constitutional[2] rights to a writ of habeas corpus.

Accordingly, the instant motion, which simply seeks a constitutionally proper ruling, to wit, acknowledgement of the Court of the constitutional error at sentencing, and in the proceedings under 28 U.S.C. § 2255, and as to the judgment of May 22, 2003 [Docket No. 625], is not only timely under Rule 60, but likewise properly brought under the right to habeas corpus and coram nobis.[3]

Irrespective of the record to date, and the Court's previous comments concerning its ire at Mr. Plunk's alleged conduct, he has a right to be sentenced in accord with the United States

---

[2] See, United States Constitution, Article I, Section 9.

[3] The United States Constitution, Article I, Section 9 provides: "The privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or actual or imminent invasion, the public safety requires it." The writ of Habeas Corpus Ad Subjiciendum is described in Black's Law Dictionary as:

> A writ directed to the person detaining another, and commanding him to produce the body of the prisoner, or person detained. … the purpose [of the writ] is to test the legality of the detention or imprisonment; not whether he is guilty or innocent. This writ is guaranteed by U.S. Const. Art. I, § 9, and by state constitutions. [citations omitted] This is the well-known remedy in England and the United States for deliverance from illegal confinement, called by Sir William Blackstone the most celebrated writ in the English law, and the great and efficacious writ in all manner of illegal confinement. 3 Bl.Comm. 129. The 'great writ of liberty,' issuing at common law out of courts of Chancery, King's Bench, Common Pleas, and Echequer.

Black's Law Dictionary, Fifth Edition (1979).

Weidner & Associates
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fzx (907) 278-6571

Constitution, and a right for this Court to address and acknowledge its error(s), and in particular to grant the instant Motion to Correct the Judgment pursuant to Federal Rule of Civil Procedure 60(b)/petition for writ of habeas corpus/petition for coram nobis relief.

The respect and integrity of the judicial system and the fact that it works, is based upon all parties, even criminal defendants in major cases, being candidly afforded full rights and remedies.

Mr. Plunk has never been sentenced in accord with the Constitution, and he is entitled to have this Court correct its errors, under Federal Rule of Civil Procedure 60(b), as well as the right to relief under coram nobis and habeas corpus, and to have a fair sentencing which is not based upon unconstitutional allegations and findings as to alleged conduct, including obstruction of justice, and without the Court being "handcuffed" to mandate two life sentences as to such unconstitutional judicial fact finding, without notice, presentation to a grand jury, finding by a jury trial and under a relaxed burden of proof.

Thus the Court must reconsider, address the issues, acknowledge its errors, and grant the relief to which he is entitled.

**Weidner & Associates**
330 L. Street, Suite 200
Anchorage, AK 99501
(907) 276-1200 Fzx (907) 278-6571

RESPECTFULLY SUBMITTED this 26th day of April, 2006.

    WEIDNER & ASSOCIATES, INC.
    Counsel for Gerald Frank Plunk

    s/ Phillip Paul Weidner
    WEIDNER & ASSOCIATES, INC.
    330 L Street, Suite 200
    Anchorage, AK  99501
    Phone (907) 276-1200
    Fax (907) 278-6571
    E-mail: jgreene@weidner-justice.com
    ABA 7305032

CERTIFICATE OF SERVICE
I hereby certify that on April 26, 2006 a copy of the foregoing Motion for Reconsideration was served electronically on was served electronically on Karen Loeffler at karen.loeffler@usdoj.gov.


s/ Phillip Paul Weidner